IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL J. PEARLMAN,

    Plaintiff,

vs.                                                         Civ. No. 02-686 JP/LFG

REBECCA VIGIL-GIRON,
Secretary of State, State of
New Mexico,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On June 13, 2002, the Plaintiff filed a Complaint under 42 U.S.C. §1983 alleging that the Defendant will violate the United States Constitution and the Constitution of the State of New Mexico if she refuses to "expunge all printed candidate names" from voting ballots and does not allow the public "to freely write-in the name of any person to serve in any public office in all future elections." Complaint at ¶2(a). The relief the Plaintiff seeks is a writ of mandamus ordering the Defendant to "expunge all printed candidate names and replace with a space that any name may be written in for all elective offices on the November 5, 2002 general election ballot and all subsequent elections, or, in the alternative, to show cause...." Writ of Mandamus at 2 (submitted by Plaintiff). Having reviewed the Plaintiff's Complaint, I find that this cause of action is barred by the Eleventh Amendment and should be dismissed for lack of federal subject matter jurisdiction.

A. Discussion

The Court can raise *sua sponte* the issue of whether the Eleventh Amendment prevents a federal court from exercising federal subject matter jurisdiction. *V-1 Oil Co. v. Utah State Dept.*

*of Public Safety*, 131 F.3d 1415, 1420 (10th Cir. 1997). "'The Eleventh Amendment generally bars suits against a state in federal court commenced by citizens of that state or citizens of another state.'" *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1285 (10th Cir. 1999)(quoting *Elephant Butte Irrigation Dist. of New Mexico v. Department of the Interior*, 160 F.3d 602, 607 (10th Cir. 1998), *cert. denied*, 526 U.S. 1019 (1999)). The Eleventh Amendment bar, however, can be circumvented in three ways. *Id*. "First, a state may consent to the action. Second, 'Congress may clearly and expressly abrogate the states' immunity.' Third, a party may sue a state official pursuant to *Ex Parte Young*, 209 U.S. 123 ... (1908)." *Id*. at 1286 (citations omitted).

    1. Consent to Suit

"A state may waive its Eleventh Amendment immunity by consenting to be sued, but only in the clearest and most unmistakable terms...." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998), *cert. denied*, 525 U.S. 1122 (1999). Having conducted a search of New Mexico cases and law, I have found no indication that the State of New Mexico has consented in clear and unmistakable terms to be sued in federal court by a member of the public challenging the constitutionality of the New Mexico Election Code and seeking a writ of mandamus. The consent to suit exception to the Eleventh Amendment is inapplicable.

    2. Congressional Abrogation of a State's Sovereign Immunity

Congress did not abrogate the right of a state to sovereign immunity under the Eleventh Amendment when it enacted 42 U.S.C. §1983. *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). The congressional abrogation exception to the Eleventh Amendment is, likewise, inapplicable to this case.

3. *Ex Parte Young*

"Under the *Ex Parte Young* doctrine, 'the Eleventh Amendment generally does not bar a suit against a state official in federal court which seeks only prospective equitable relief for violations of federal law, even if the state is immune.'" *J.B. ex rel. Hart*, 186 F.3d at 1286 (quoting *Elephant Butte*, 160 F.3d at 607-08). Since the Plaintiff in this case names a state official as a defendant and seeks only prospective injunctive relief, the *Ex Parte Young* exception to the Eleventh Amendment appears to apply. *See id.* The *Ex Parte Young* exception, however, has been limited by *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997). *Coeur d'Alene* requires that the Court examine whether the relief the plaintiff seeks against the state official "'implicates special sovereignty interests,' and 'whether that requested relief is the functional equivalent to a form of legal relief against the state that would otherwise be barred by the Eleventh Amendment.'" *Elephant Butte*, 160 F.3d at 609 (quoting *ANR Pipeline*, 150 F.3d at 1190). In sum, the *Ex Parte Young* exception must not be extended "to allow a suit for prospective equitable relief when that relief would be just as intrusive, if not more so, into core aspects of a state's sovereignty." *ANR Pipeline*, 150 F.3d at 1190.

The Supreme Court has held that "[t]he Constitution provides that states may prescribe '[t]he Times, Places and Manner of holding Elections for Senators and Representatives,' Art. I, §4, cl. 1, and the Court has recognized that states retain the power to regulate their own elections." *Burdick v. Takushi*, 504 U.S. 428, 433 (1992). The Supreme Court has also held that "[s]tates may, and inevitably must, enact reasonable regulations of parties, elections, and ballots to reduce election- and campaign-related disorder." *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997). The management and conduct of elections clearly implicates "special

3

sovereignty interests" of the State of New Mexico. Moreover, issuing a writ of mandamus in this case would be "the functional equivalent to a form of legal relief against the state that would otherwise be barred by the Eleventh Amendment." *See ANR Pipeline*, 150 F.3d at 1190. In conclusion, issuing a writ of mandamus "would be just as intrusive, if not more so, into core aspects of a state's sovereignty." *See id*. The *Ex Parte Young* exception to Eleventh Amendment immunity, therefore, does not apply. Since "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States," this Court lacks federal subject matter jurisdiction. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000).

IT IS ORDERED that this cause of action will be dismissed for lack of federal subject matter jurisdiction.

_____
CHIEF UNITED STATES DISTRICT JUDGE