IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL J. PEARLMAN,

    Plaintiff,

vs.                                               Civ. No. 02-686 JP/LFG

REBECCA VIGIL-GIRON,
Secretary of State, State of New Mexico,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On June 25, 2002, the Court dismissed this case for lack of federal subject matter jurisdiction based on Eleventh Amendment immunity. Memorandum Opinion and Order (Doc. No. 3). On July 2, 2002, the Plaintiff filed a Motion for Reconsideration (Doc. No. 5). The Plaintiff then filed a Notice of Appeal (Doc. No. 9) on July 16, 2002. The Tenth Circuit Court of Appeals entered an Order, filed July 26, 2002, in which it abated the appeal pending disposition of the Motion for Reconsideration by this Court. Having reviewed the Motion for Reconsideration, I find that it lacks merit and should be denied.

Because the Plaintiff filed his Motion for Reconsideration within ten days of the Court's Final Order dismissing the case, the Motion for Reconsideration is deemed a Fed. R. Civ. P. 59(e) motion to alter or amend judgment. *See Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Appropriate grounds for a Rule 59(e) motion "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) may not be used to

re-litigate old matters, or raise arguments or present evidence that could have been raised prior to judgment. S*ee Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993). In determining what is manifest error for purposes of Rule 59(e), courts have found that mere disagreement with a court's findings does not constitute manifest error. *See, e.g., Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *F. D. I. C. v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993). Furthermore, Rule 59(e) provides for "an extraordinary remedy which should be used sparingly." *See* 11 Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* § 2810.1, 124 (1995). The district court is vested with considerable discretion in determining whether to grant or deny a Rule 59(e) motion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

The Plaintiff argues that the Court should reconsider its dismissal of his lawsuit because the Honorable Bruce Black exercised federal jurisdiction in a related case, *Pearlman v. Vigil-Giron*, Civ. No. 00-1475 BB/RLP. The Plaintiff also notes that the United States Supreme Court has exercised federal jurisdiction in several voting rights cases. In addition, the Plaintiff comments that the New Mexico Supreme Court has refused to hear his related cases by "denying" those cases without comment.

The Plaintiff does not argue that there has been an intervening change in the controlling law or that there is new evidence which was previously unavailable. The Plaintiff is arguing that there is a need to correct clear error or prevent manifest injustice. That argument, however, is baseless. Judge Black, for instance, did not need to reach the Eleventh Amendment issue because he dismissed the case based on the Plaintiff's failure to respond to a motion to dismiss. Moreover, the United States Supreme Court cases which the Plaintiff cites to are all distinguishable from this case. Finally, the New Mexico Supreme Court's dismissals of the

Plaintiff's state lawsuits are irrelevant to the issue of whether this Court has federal jurisdiction to hear this case.

IT IS ORDERED that Plaintiff's Motion for Reconsideration (Doc. No. 5) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE